

# Helen F. Dalton and Associates, P.C.
## Attorneys at Law

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415
T. 718.263.9591 ♦ F. 718.263.9598

February 24, 2020

**Via ECF**
The Honorable Judge Judith C. McCarthy
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re: **Zavalla v. P&E Iron Work Corporation, et al.**
**18-cv-9777 (JCM)**

Dear Judge McCarthy:

Our office represents the Plaintiffs in the above-captioned action and we submit this letter on behalf of both parties to request the Court's approval of the settlement agreement ("Settlement Agreement"), between the parties. The Settlement Agreement, attached hereto as Exhibit 1, memorializes the terms agreed upon by the parties during their arms-length negotiation process. Plaintiffs have executed the Agreement and Defendants will execute the Agreement shortly.

**Plaintiffs' Position**

On October 23, 2018, Plaintiff Pedro Zavalla ("Zavalla") filed a collective action complaint ("Complaint"), alleging violations under the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"), stemming from his employment by Defendants. On July 1, 2019, Luna Costilla (together with Zavalla, "Plaintiffs") opted into this action as a plaintiff.

Generally, Plaintiffs alleged that they regularly worked in excess of forty (40) hours per week throughout their employment, however, were compensated with a flat weekly salary regardless of the actual number of hours worked per week. Plaintiffs alleged that this pay practice violated the overtime laws of the FLSA and NYLL by not compensating Plaintiffs at one-and-a-half times their calculated hourly rates. Plaintiffs also alleged that they were provided wage statements and wage notices as required under NYLL §195.

Although Plaintiffs were confident that they could succeed on all of their claims, Plaintiffs recognized the risks of continuing litigation and preferred a guaranteed payment through a carefully negotiated settlement agreement. Plaintiffs also conducted extensive research on Defendants' financial status and reviewed tax returns provided by Defendants, which raised concerns about whether Plaintiffs would be able to collect a larger judgment should they have succeeded at trial.

**Defendants' Position**

The Defendants vigorously deny that either the Plaintiff or Opt-In is entitled to damages in this matter. During discovery, both Plaintiff and Opt-in were deposed and the testimony, for the most part, did not substantiate their claims that they were entitled to overtime damages. In addition, a non-party deposition was taken of a co-worker who testified consistently with what the Defendant testified to – namely that there was, little if any, overtime hours worked by with plaintiff or Opt-In. In addition, Defendant would not be able to sustain any higher of a settlement payment than what we have agreed to.

**The Settlement Terms and Requested Attorneys' Fees**

The parties have agreed to settle all claims asserted in this matter for $40,000.00. The parties believe that this amount is reasonable in light of Plaintiffs' claims and the defenses maintained by Defendants in this matter.

Plaintiffs will recover a total amount of $25,522.00 after attorneys' fees and expenses as a result of the settlement. Plaintiff Zavalla will recover $17,000.00 and Plaintiff Costilla will recover $8,522.00. Each Plaintiff's portion of the settlement proceeds is determined by Plaintiffs' counsel's calculations, which taken into the alleged dates of employment, the alleged hours worked, and the alleged pay received by each Plaintiff.

Plaintiffs' counsel respectfully requests one-third of the settlement amount in attorneys' fees less expenses ($38,283.00) or $12,761.00, as agreed upon in the Plaintiffs' retainer agreements with this firm.

Additionally, Plaintiffs' counsel respectfully requests $1,717.00 for identifiable expenses, which includes the following: the Southern District of New York filing fee ($400.00), the costs of serving Defendants with the Complaint ($250.00), the cost of serving a non-party witnesses with a subpoena for deposition ($119.00), the costs associated with conducting the depositions and obtaining transcripts of Defendant Yuwana Huaman and two non-party witnesses, including the cost of an interpreter ($862.00), transportation costs for attending two conferences ($79.00) and postage fees ($7.00).

Therefore, the total amount to be paid to Plaintiffs' counsel, including reimbursement of expenses, is $14,478.00.

**Settlement Amount:** $40,000.00
**Attorneys' Expenses:** $1,717.00
**Settlement less Expenses:** $38,283.00
**Requested Attorneys' Fees:** $12,761.00 ($38,283.00 / 3)
**Total payable to Attorneys:** $14,478.00 ($12,761.00 + $1,717.00)
**Total payable to Plaintiffs:** $25,522.00

  FLSA claims may only be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206-207 (2d Cir. 2015). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Kochilas v. Nat'l Merch. Servs., Inc.,* 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Id.* (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id.* (citations omitted).

  Plaintiffs' attorneys and their clients have a retainer agreement that is reduced to writing and is signed by the client. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). The Court in *Cheeks* did not assert that the Court needs to approve the attorney fee agreement in each FLSA case. The Court there denied the attorneys' fees because the attorneys were seeking to recover between 40 and 43.6% of the total payment with no justification as to why the attorneys would be entitled to an amount larger than the norm. *Cheeks v. Freeport Pancake House, Inc.,* 796 F3d 199, 206 (2d Cir 2015) (*citing Lopez v Nights of Cabiria, LLC,* 96 F Supp 3d 170, 181-82 (SDNY 2015).

  Here, Plaintiffs' counsel is seeking attorneys' fees in the amount of one-third of the settlement total, pursuant to the retainer agreement entered into with the client. Since one-third is the standard amount allowed to attorneys in FLSA cases, and the Plaintiff entered into a contract for this amount with his counsel, this amount is not unreasonable, and *Cheeks* does not disagree.

  As Your Honor has ordered Plaintiffs' counsel's contemporaneous billing records, please see the records and attorney qualifications provided separately via ex parte submission. However, despite the fact that Plaintiffs' counsel's lodestar calculation is in excess of the attorneys' fees requested in the instant motion, Plaintiffs' counsel does not seek any fees beyond the one-third contingency agreement with Plaintiffs.

Lastly, the Settlement Agreement has been drafted by experienced counsel and does contain any terms that would preclude approval such as a confidentiality clause or a broad release outside of the wage-and-hour claims asserted in the Complaint.

In closing, we respectfully submit that the Settlement Agreement is fair and reasonable, and therefore request that the Court approve or so order the Settlement Agreement.

Respectfully submitted,

_/s/_____
Roman Avshalumov, Esq.
James O'Donnell, Esq.
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415